UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:19-CV-42-TBR

**LAURA DRUMMOND,**                                                                                    **PLAINTIFF**

**v.**

**MURRAY-CALLOWAY COUNTY**
**PUBLIC HOSPITAL CORPORATION,**                                                       **DEFENDANT**

**MEMORANDUM OPINION & ORDER**

This matter is before the Court on Plaintiff Laura Drummond's Motion in Limine to Exclude Evidence Related to Plaintiff's Subsequent Employment ("Motion in Limine"), [DN 50]. Defendant Murray-Calloway County Public Hospital Corporation ("Hospital") has responded in opposition, [DN 53]. For the reasons set forth below, the Court will grant in part and deny in part Drummond's Motion in Limine, [DN 50].

**I.      BACKGROUND**

This matter arises from Drummond's employment at and eventual termination from the Hospital, where she was employed as a Licensed Practical Nurse ("LPN") in the Oncology Department. *See* [DN 36-2, pp. 2–3]. During her employment, she requested and received leave through the Family and Medical Leave Act ("FMLA"). *See, e.g.*, *id.* at 5. Shortly after notifying the Hospital of her intent to take FMLA leave in 2018, Drummond's employment was terminated, ostensibly due to a restructuring of the Oncology Department. *See, e.g.*, [DN 36-3,

pp. 6–8]. She filed the present suit alleging violations of the FMLA and the Kentucky Civil Rights Act.[1] [DN 1-1].

In her present motion, Drummond explains that she received approximately $2,288 in unemployment benefits after her termination. [DN 50, p. 1]. She moves the Court to "exclude all evidence related to unemployment insurance benefits that she received after Defendant's unlawful termination of her employment," citing the collateral source rule. *Id.* at 1–2. Pursuant to this rule, Drummond seeks to prevent the Hospital "from attempting to reduce any backpay award by the $2,288 she received in unemployment benefits." *Id.*

In its response, the Hospital acknowledges that the unemployment benefits "are not deductible from back pay as possible damages," but argues that evidence of the unemployment benefits "is highly relevant, both to Plaintiff's credibility and to her potential compensatory damages." [DN 53, p. 2]. The Hospital also argues that evidence related to the unemployment benefits is relevant to the issue of mitigation. *Id.* at 2–3. It explains, "Whether Plaintiff actively sought employment after her termination from Murray-Calloway, or merely accepted unemployment benefits as long as they were available is highly relevant to her credibility as well as her mitigation efforts." *Id.* at 3. Lasty, the Hospital argues that its decision not to contest Drummond's claim for unemployment benefits tends to show that it did not retaliate against Drummond for taking FMLA leave. *Id.* Thus, the Hospital argues, evidence related to the unemployment benefits is highly relevant, and any confusion can be remedied by a limiting instruction. *Id.*

II. ANALYSIS

---

[1] A claim for violation of Kentucky's Wage and Hour Act has since been dismissed via summary judgment.

The Sixth Circuit has explained that "unemployment compensation is paid not to discharge an obligation of the employer, but to carry out the social policies of the state. Thus, unemployment benefits are collateral benefits which the district court should disregard in making its award." *Thurman v. Yellow Freight Systems, Inc.*, 90 F.3d 1160, 117071 (6th Cir. 1996) (citations omitted). Drummond asserts—and the Hospital concedes—that this "collateral source rule" prevents the Hospital from arguing that an award of backpay should be reduced by the amount of Drummond's unemployment compensation. [DN 50, pp. 12; DN 53, p. 2]. The Court agrees and will exclude from evidence the amount that Drummond received in unemployment benefits.

However, Drummond seeks to exclude more than just the amount of unemployment compensation. She also seeks to exclude "all evidence related to unemployment insurance benefits that she received after Defendant's unlawful termination of her employment." [DN 50, pp. 1–2]. To the extent Drummond seeks to exclude any and all evidence related to her unemployment compensation, the Court must deny the motion, as such evidence may be relevant. For example, the fact that Drummond received unemployment benefits may be relevant to the Hospital's allegations that she did not fulfill her duty to mitigate her damages. Should this affirmative defense arise at trial, the Court will permit introduction of such evidence, assuming it is otherwise admissible. At the request of the parties, the Court will give a cautionary instruction, advising the jury that such evidence is to be considered only as to that affirmative defense and further advising that there is to be no deduction of backpay for the unemployment benefits that Drummond received. Should evidence of Drummond's unemployment compensation be admitted at trial for another purpose, the Court can provide a similar instruction.

### III.    CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiff's Motion in Limine to Exclude Evidence Related to Plaintiff's Subsequent Employment, [DN 50], is **GRANTED IN PART** and **DENIED IN PART.** Said motion is granted to the extent Drummond seeks to exclude reference to the amount of unemployment benefits that she received. However, Drummond's motion is denied to the extent she seeks to exclude all references to her unemployment benefits.

Thomas B. Russell, Senior Judge
United States District Court

November 10, 2021

cc: Counsel of Record