UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:19-CV-42-TBR

**LAURA DRUMMOND,**                                                               **PLAINTIFF**

v.

**MURRAY-CALLOWAY COUNTY**
**PUBLIC HOSPITAL CORPORATION,**                       **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Laura Drummond's Objections to Defendant's Proposed Witnesses and Exhibits, [DN 54]. Defendant Murray-Calloway County Public Hospital Corporation ("Hospital") has responded, [DN 60]. For the reasons set forth herein, the Court will overrule Drummond's objections.

**I.    BACKGROUND**

This action stems from Drummond's employment with and termination from the Hospital. [DN 1-1]. She alleges that the Hospital violated the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq., by interfering with her right to FMLA-protected leave and retaliating against her for exercising her rights under the FMLA. [DN 1-1, pp. 4–5]. She further alleges that the Hospital violated the Kentucky Civil Rights Act ("KCRA"), KRS § 344, et seq., by failing to provide her with reasonable and necessary accommodations—namely, the ability to work no more than eight hours a day, as directed by her physician. [DN 1-1, pp. 5–6]. These claims have survived summary judgment. [DN 57].

1

Drummond now objects to the introduction of any evidence related to her subsequent employment at Fast Pace Health Urgent Care ("Face Pace"). [DN 54, pp. 1–5]. Specifically, she seeks to exclude evidence that she was terminated from Fast Pace after eleven months due to her unsatisfactory job performance. *Id.* Drummond also objects to the introduction of portions of her Hospital personnel file, including notes about her work performance and certain disciplinary actions. *Id.* at 5–8. The Court addresses each objection in turn.

## II. ANALYSIS

### A. Evidence Related to Drummond's Subsequent Employment

As noted above, Drummond seeks to exclude evidence that she was terminated from Fast Pace after eleven months due to her unsatisfactory job performance. *Id.* at 1–5. She argues that such evidence is (1) irrelevant; (2) impermissible character evidence; (3) impermissible for impeachment purposes; and (4) unfairly prejudicial, likely to confuse the jury, and likely to unnecessarily lengthen the trial. *Id.* at 2. In response, the Hospital argues that Drummond's voluntary termination from her replacement employment is relevant to the Hospital's argument that Drummond failed to mitigate her damages. [DN 60, p. 3–5]. The Hospital also argues that the evidence is relevant for impeachment purposes because Drummond stated in her written discovery responses that she was terminated from Fast Pace for "not meeting company goals," and she made similar comments in her deposition. *Id.* at 3–4.

The Court agrees that the evidence related to Drummond's termination from Fast Pace may be relevant to the question of whether Drummond properly mitigated her damages. The Hospital argues that any lost wages were completely mitigated once Drummond began employment with Fast Pace on November 6, 2018, at a higher rate of pay than she received at the Hospital. *Id.* at 3. However, Drummond was terminated from Fast Pace on October 31, 2019.

Records from Fast Pace indicate that her termination resulted from "unprofessional behavior," "several write-ups," "negative behavior," and her creation of "an unpleasant work environment." [DN 60-2]. The Hospital argues that this amounts to a voluntary termination, and as a result, Drummond failed to mitigate her damages.

The Fourth Circuit tackled a similar issue in *Brady v. Thurston Motor Lines, Inc.*, 753 F.2d 1269 (4th Cir. 1985) in the context of a Title VII discriminatory termination claim. In that case, two employees had been wrongfully terminated but found comparable employment soon after. *Id.* at 1272. However, both employees were terminated from their new positions for willfully violating the new employers' company rules and policies. *Id.* The Fourth Circuit ultimately held that the two employees were *not* entitled to back pay for the period following these for-cause terminations. *Id.* at 1280. The court explained that the employees were not only required to use reasonable diligence to *find* suitable replacement employment, they were required to use reasonable diligence to *maintain* that employment. *Id.* at 1277. When a wrongfully discharged employee "voluntarily terminates suitable, interim employment, he has freely chosen to incur a loss of earnings, thereby failing to use reasonable diligence in the mitigation of damages." *Id.* at 1278 (citations omitted). A "voluntary termination" includes voluntarily quitting a new position, but also being terminated for violating the employer's rules and policies. *Id.* at 1278. The Sixth Circuit has cited *Brady* with approval. *See Thurman v. Yellow Freight Systems, Inc.*, 90 F.3d 1160, 1169 (6th Cir. 1996) ("[A]n employee's discharge for cause due to his wilful [sic] violation of company rules will toll backpay."). Accordingly, the Court finds that, to the extent Drummond seeks lost wages for the period following her termination from Fast Pace, the reason for that termination is relevant. *See generally* Fed. R. Evid. 401.

For this reason, the evidence at issue is not impermissible character evidence, as Drummond argues. Under Federal Rule of Evidence 405, "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." The Hospital intends to introduce evidence of Drummond's termination from Fast Pace to show that she failed to mitigate her damages, not that she "acted in accordance with" any particular character trait.

Further, to the extent Drummond argues that evidence of her termination from Fast Pace is impermissible for impeachment purposes, the Court finds said objection to be premature. Depending on Drummond's testimony at trial, the Hospital may inquire into her prior sworn statements, if they are inconsistent with her testimony in court. *See* Fed. R. Evid. 608; Fed. R. Evid. 801(d)(1)(A). If the Hospital attempts to use extrinsic evidence to further attack Drummond's character for untruthfulness, the Court will address any objections at that time.

Lastly, the Court finds that any prejudicial impact of this evidence does not substantially outweigh its probative value. Under Federal Rule of Evidence 403, relevant evidence may be excluded if "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Drummond argues that evidence of her termination from Fast Pace is unfairly prejudicial and will confuse the jury and waste the Court's resources. For support, she cites to *Stokes v. Xerox Corp.*, No. 05-71683, 2008 WL 275672 (E.D. Mich. Jan. 28, 2008). However, in that case, the district court found that the probative value, if any, of an employee's unrelated termination nine years earlier would be "greatly outweighed by the danger of unfair prejudice and confusion of the issues and would likely mislead the jury." *Id.* at \*9 (citing Fed. R. Evid. 403). Here, however, the Hospital seeks to introduce evidence of a

4

*subsequent* for-cause termination, which the Court has already held to be relevant to the issue of damages. This issue may extend the length of the trial and require the parties to present additional evidence related to Drummond's employment with Fast Pace; however, the Court is not convinced that the necessary litigation of damages will "waste" judicial resources as Drummond contends. Further, the Court believes any threat of juror confusion can be mitigated with a proper limiting instruction, if necessary.

In sum, the Court finds that evidence relating to Drummond's termination from Fast Pace is relevant to the Hospital's defense that Drummond failed to appropriately mitigate her damages and such evidence may be admitted at trial. Drummond's objection to the introduction of this evidence will be overruled.

### B.  Drummond's Disciplinary Records

Drummond also objects to the introduction of portions of her Hospital personnel file, including notes about her work performance and certain disciplinary actions. [DN 54, pp. 5–8]. The documents at issue are listed in Drummond's brief, and include documents ranging from "Notes regarding Drummond's performance" to "verbal warning, patient complaint," to "Written Warning." *Id.* at 5–6. The documents hint at issues with attendance and time records, the "failure to send specimens to the lab," and "prescription refill requests," among other things. *Id.* Drummond argues that these documents are (1) irrelevant; (2) impermissible character evidence; and (3) unfairly prejudicial and confusing to the jury. *Id.* at 6. In response, the Hospital argues that this evidence is relevant to Drummond's claim that she was unsuccessful in securing other employment with the Hospital after her termination due to her alleged disability and FMLA leave request. [DN 60, pp. 6–7].

The Court finds that the documents at issue may be relevant to Drummond's argument as to why she was not rehired by the Hospital into another LPN vacancy. She argues that she was not chosen for any vacancies because the Hospital's hiring managers were aware that she intended to take several weeks of FMLA leave in the immediate future. Drummond has raised this issue in her filings with this Court. *See, e.g.*, [DN 40, pp. 10–11]. If she makes the same argument at trial, the disciplinary records—which were apparently also available to the hiring managers—would be relevant to rebut her argument. In other words, the records would provide other non-discriminatory, performance-based reasons for not rehiring Drummond.

If the documents at issue are introduced for this reason, rather than to show that Drummond "acted in accordance with" a character trait, they do not constitute impermissible character evidence. *See* Fed. R. Evid. 405. At this time, there is no indication that the Hospital intends to introduce the disciplinary records to show that Drummond "acted in accordance with" any particular character trait.

Lastly, the Court finds that, at this time, any prejudicial impact of this evidence does not substantially outweigh its probative value. On this point, Drummond argues that the disciplinary records will confuse the jury and will "substantially and unnecessarily extend the length of trial." [DN 54, p. 7]. However, at this time, the Court finds that the limited risk of jury confusion can be addressed with an appropriate instruction, and the presentation of such evidence is not a waste of judicial resources.

The Court therefore finds that evidence relating to Drummond's disciplinary records may be relevant and admissible, depending on the other evidence and argument presented at trial. Drummond's objection to the introduction of this evidence will be overruled.

### III.   CONCLUSION

For the reasons set forth above, Plaintiff's Objections to Defendant's Proposed Witnesses and Exhibits, [DN 54], are **OVERRULED**.

**Thomas B. Russell, Senior Judge**
**United States District Court**

November 17, 2021

cc: Counsel of Record